CASTRO v GOULET

Docket No. 316639. Submitted July 16, 2014, at Lansing. Decided
August 20, 2015, at 9:00 a.m. Leave to appeal sought.

Ruben and Christy Castro filed a medical malpractice action in the
Washtenaw Circuit Court against defendants for complications
Ruben Castro suffered after defendants performed arthroscopic
surgery on him. Plaintiffs failed to file an affidavit of merit with
their complaint; instead, plaintiffs filed a motion under MCL
600.2912d(2) to extend the time for filing the affidavit of merit.
Although the motion to extend time was filed before the statutory
period of limitations expired, the trial court, David Scott Swartz,
J., did not grant the motion until after the period of limitations
would have expired without the benefit of the 28-day extension.
The trial court granted defendants' motion for summary disposi-
tion under MCR 2.116(C)(7), ruling that simply filing the motion
for an extension of time did not toll the period of limitations.
Because plaintiffs did not file an affidavit of merit before expira-
tion of the period of limitations, plaintiffs did not successfully
commence the action within the period prescribed by the appli-
cable statute of limitations. Plaintiffs appealed.

The Court of Appeals *held*:

The trial court erred by granting defendants' motion for
summary disposition because plaintiffs' motion to extend time
for filing an affidavit of merit was filed before expiration of the
limitations period, the motion was eventually granted, and
plaintiffs filed the affidavit of merit within 28 days of their
timely filed complaint. Because the trial court ultimately
granted plaintiffs' motion to extend time and because plaintiffs
filed the motion to extend time before the period of limitations
expired, the period of limitations was effectively tolled on the
date plaintiffs filed their motion to extend time. The fact that
the motion to extend time for filing an affidavit of merit was not
granted until after the period of limitations would have expired
in the absence of an extension was of no consequence to
plaintiffs' action. The fact that the motion was granted was the
dispositive event in this case. A party must proceed as if its

motion to extend time will be granted, and it must file the affidavit of merit within the 28-day extension permitted by MCL 600.2912d(2). Plaintiffs' action was timely commenced because (1) plaintiffs filed the motion to extend time before the period of limitations had expired, (2) the motion was ultimately granted, and (3) plaintiffs filed the required affidavit within 28 days of filing their complaint. The trial court should not have granted defendants' motion for summary disposition under these circumstances.

Reversed and remanded.

WILDER, J., dissenting, concluded that the trial court properly granted defendants' motion for summary disposition because plaintiffs did not timely commence the medical malpractice action against defendants. Plaintiffs failed to file the required affidavit of merit before expiration of the statutory limitations period, and therefore, their claim was barred. The majority's ruling means that a motion to extend time, regardless of the date on which it is granted, operates to retroactively toll the period of limitations from the date on which the motion was filed. There is no support for the majority's holding. In this case, the trial court did not grant plaintiffs' motion to extend time until after the period of limitations expired, and therefore, plaintiffs did not have the benefit of an additional 28 days in which to file the affidavit of merit. Because the affidavit of merit was not filed within the statutory limitations period, plaintiffs' cause of action should have been barred for failure to comply with the applicable statute of limitations.

MEDICAL MALPRACTICE — STATUTE OF LIMITATIONS — AFFIDAVIT OF MERIT — MOTION TO EXTEND TIME.

A motion to extend time for filing an affidavit of merit effectively tolls the statutory period of limitations if the motion is filed before the period of limitations has expired; an affidavit of merit is considered timely filed if it is filed pursuant to a timely filed motion to extend time for filing the affidavit within 28 days of a timely filed complaint, regardless whether the motion for an extension of time was granted before the period of limitations would have expired absent any extension (MCL 600.2912d(2)).

*James D. Wines* for plaintiffs.

*Kerr, Russell and Weber, PLC* (by *Patrick McLain* and *Joanne Geha Swanson*), for defendants.

Before: RONAYNE KRAUSE, P.J., and WILDER and STEPHENS, JJ.

RONAYNE KRAUSE, P.J. Plaintiffs appeal as of right an order granting defendants' motion for summary disposition of their medical malpractice claim under MCR 2.116(C)(7) for the failure to file an affidavit of merit (AOM) with their complaint within the two-year period of limitations. Instead of an AOM, plaintiffs filed with their complaint a motion to extend the time for filing an AOM as provided for by MCL 600.2912d(2). The trial court granted that motion; however, the court subsequently granted summary disposition on the grounds that the action itself was untimely. We reverse and remand.

This Court reviews de novo matters of statutory interpretation, as well as the trial court's decision to grant or deny a motion for summary disposition. See *Titan Ins Co v Hyten*, 491 Mich 547, 553; 817 NW2d 562 (2012). Summary disposition pursuant to MCR 2.116(C)(7) is appropriate if a "claim is barred by an applicable statute of limitations." *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). "In reviewing a motion under subrule (C)(7), a court accepts as true the plaintiff's well-pleaded allegations of fact, construing them in the plaintiff's favor." *Id*. We otherwise review de novo the trial court's determinations of law; however, any factual findings made by the trial court in support of its decision are reviewed for clear error, and ultimate discretionary decisions are reviewed for an abuse of that discretion. *Herald Co, Inc v Eastern Mich Univ Bd of Regents*, 475 Mich 463, 470-472; 719 NW2d 19 (2006). Under the clear error standard, this Court defers to the trial court unless definitely and firmly convinced that the trial court made a mistake, and under the abuse of discretion standard, this Court

"cannot disturb the trial court's decision unless it falls outside the principled range of outcomes." *Id.* at 472.

An AOM generally must be filed with a medical malpractice complaint. MCL 600.2912d(1). Ordinarily, a complaint filed without an AOM is "insufficient to commence the lawsuit" and does not toll the statute of limitations. *Scarsella v Pollak*, 461 Mich 547, 549; 607 NW2d 711 (2000) (quotation marks and citation omitted). However, the Legislature has provided for certain narrow exceptions to that general requirement; in relevant part, MCL 600.2912d(2) provides: "Upon motion of a party for good cause shown, the court in which the complaint is filed may grant the plaintiff or, if the plaintiff is represented by an attorney, the plaintiff's attorney an additional 28 days in which to file the affidavit required under subsection (1)."

Consequently, a medical malpractice plaintiff may, under appropriate circumstances, be permitted to file their AOM up to 28 days *after* filing the complaint.[1] Our Supreme Court has expressly recognized that a plaintiff may be unable to obtain an AOM within the requisite time period, in which case "the plaintiff's attorney *should* seek the relief available in

---

[1] Other exceptions may apply under circumstances not relevant to the instant matter. We do not discuss any such additional exceptions here. We also note that we are aware that our Supreme Court has recently reiterated that "a medical malpractice action can only be commenced by filing a timely NOI [notice of intent] and then filing a complaint and an affidavit of merit after the applicable notice period has expired, but before the period of limitations has expired." *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 94; 869 NW2d 213 (2015). This general rule governing the commencement of medical malpractice actions is inapplicable here. The exception at issue here was neither before the Court in *Tyra* nor even mentioned by the Court, and the Court emphasized in no uncertain terms that matters not directed to its attention by counsel would not be considered. *Id.* at 88-89. *Tyra* adds nothing to the question at issue in the case at bar.

MCL 600.2912d(2) . . . ." *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 228-229; 561 NW2d 843 (1997) (emphasis added). If the trial court finds "a showing of good cause, an additional twenty-eight days [are permitted] to obtain the required affidavit of merit." *Id.* at 229. "During this period, the statute will be tolled and summary disposition motions on the ground of failure to state a claim should not be granted." *Id.*

This Court has clarified that it is ultimately the granting of the motion that effectuates the 28-day tolling, not merely filing the motion. *Barlett v North Ottawa Community Hosp*, 244 Mich App 685, 692; 625 NW2d 470 (2001). Furthermore, the tolling period only runs from the date the complaint is filed; it cannot resurrect a claim where the complaint itself was untimely. *Ligons v Crittenton Hosp*, 490 Mich 61, 74-75, 84-85; 803 NW2d 271 (2011). However, in this case plaintiffs filed their complaint within the two-year limitations period, their motion for additional time was granted,[2] and they filed their AOM fewer than 28 days after the date on which they filed their complaint.[3] Consequently, plaintiffs acted properly pursuant to

---

[2] Defendants raise an alternative argument that no "good cause" was shown. As we will discuss later in this opinion, we disagree.

[3] The alleged malpractice occurred on February 9, 2011, so the limitations period was set to expire on February 9, 2013. See MCL 600.5805(6). Plaintiffs filed their complaint and their motion to extend the time for filing an AOM on February 4, 2013, and their AOM on February 26, 2013. The dissent relies on our Supreme Court's analysis in *Gladych v New Family Homes, Inc*, 468 Mich 594, 603-604; 664 NW2d 705 (2003), for the proposition that the limitations period was not tolled because the order granting plaintiff's request for a 28-day extension was not entered until March 8, 2013. This ignores the fact that *by statute*, MCL 600.2912d(2) provides for an *extension* of the period within which to file and for what is effectively the "perfection" of a complaint initially filed without an AOM with a later filing of the AOM. Furthermore, the continuing vitality of *Gladych* is highly

both statute and caselaw.[4]

Defendants and the dissent believe it is relevant that the trial court granted plaintiffs' motion on March 8, 2013, which is of course well after the expiration of the 28-day period. The only relevance is the fact that, as noted, the trial court actually granted the motion. MCL 600.2912d(2) explicitly affords "an additional 28 days in which to file the affidavit required under subsection (1)," which in turn specifies that the affidavit should be filed with the complaint. Our Supreme Court's discussion of the statute likewise articulates the need for an AOM at the commencement of an action, unless an *additional* 28 days are provided by the granting of a motion under MCL 600.2912d(2). *Ligons*, 490 Mich at 84; *Solowy*, 454 Mich at 229. That period is "an extension." *Scarsella*, 461 Mich at 552. By statute and by precedent, the 28-day period must run from the date the complaint is filed, irrespective of when the motion is granted. Not only would a contrary holding violate the plain reading of the statute, it would also make a plaintiff's rights turn not on the plaintiff's compliance with the procedures established by the Legislature, but rather purely on the vagaries of

---

doubtful, given that the Legislature amended MCL 600.5856 after that case was decided to clarify that the statute of limitations is tolled "[a]t the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules." The tolling criteria were satisfied here.

[4] We are puzzled by the dissent's citation to *Holmes v Mich Capital Med Ctr*, 242 Mich App 703; 620 NW2d 319 (2000). In that case, this Court explicitly stated that the limitations period at issue was not tolled and thus the claim was not timely brought "[b]ecause plaintiffs failed to comply with MCL 600.2912d; MSA 27A.2912(4) by filing an affidavit of merit with their complaint *or by requesting an extension of time in which to file their affidavit* . . . ." *Id.* at 709 (emphasis added). *Holmes* supports rather than refutes our position. Moreover, *Holmes* does not address the impact of a trial court's delayed grant of a requested extension. We fail to perceive the relevance of *Holmes*.

when the trial court, or more likely not even the court but rather a docketing clerk, chooses to hear or docket the motion. In effect, the dissent and defendants would render MCL 600.2912d(2) nugatory.[5]

The obvious significance of the timing requirements in MCL 600.2912d(2) is that a plaintiff who makes a motion to extend time must proceed on the assumption that the motion will be granted. Conversely, the trial court need not go to particular lengths to rush the matter, which could risk a less-than-optimal decision for either party. Because plaintiffs complied with the requirements of the statute, and they filed their complaint and motion within the two-year limitations period and their AOM within 28 days thereafter, the only remaining issue is defendant's alternate argument that plaintiffs failed to show good cause.

"Good cause" is not defined in the statute. The term has, in such undefined circumstances, been found "so general and elastic in its import that we cannot presume any legislative intent beyond opening the door for the court to exercise its best judgment and discretion in determining if conditions exist which excuse the delay when special circumstances are proven to that end." *Lapham v Oakland Circuit Judge*, 170 Mich 564, 570; 136 NW 594 (1912). The trial court's finding of good cause, or for that matter of a lack of good cause, is consequently a highly discretionary one. *Id.* at 570-571. As discussed, we will disturb a trial court's exercise of discretion only if the result falls outside the range of principled outcomes. *Herald Co, Inc*, 475 Mich at 472.

---

[5] The dissent inexplicably concludes that plaintiffs are *not* at the mercy of the potentially capricious or arbitrary whims of a docketing clerk or a potentially full docket, because plaintiffs can—and plaintiffs here did not—express a plea for expeditiousness. We are unable to locate any court rule or statute requiring such a plea.

According to the complaint, defendant doctors performed a left hip arthroscopic surgical procedure on plaintiff Ruben Castro. Before the surgery, he did not have erectile dysfunction, but afterward, he suffered from decreased sensation in his penis, pain when urinating, and erectile dysfunction causing the inability to procreate. Plaintiffs alleged that Ruben's injuries were caused by defendants' negligent "use of the perineal traction post using excessive pressure, and employing the same for a period in excessive [sic] of two [2] hours both being contrary to the standard of practice." Plaintiffs also alleged that defendants failed to inform Ruben that erectile dysfunction was a possible consequence of the procedure. Plaintiffs contend that he would not have undergone surgery if he had known of that possible side effect. In addition to negligence, plaintiffs alleged a loss of consortium.

Of significance to the issue on appeal, defendants contended that plaintiffs had unreasonably procrastinated in bringing the instant action. Plaintiffs argued that the reason for the delay was that doctors had told Ruben "that erectile dysfunction which may occur from surgery in which a perineal traction post is utilized goes away, after weeks or months" but that no such promised recovery occurred for Ruben. Plaintiffs stated they would have filed the lawsuit earlier if medical professionals had not advised Ruben that erectile dysfunction would subside and then completely phase out weeks or months after surgery. In other words, plaintiffs delayed because of defendants' assurances that the complications Ruben suffered would end on their own. The purpose of the AOM requirement in MCL 600.2912d is to deter the filing of frivolous medical malpractice claims. *VandenBerg v VandenBerg*, 231 Mich App 497, 502; 586 NW2d 570 (1998). Plaintiffs attempted, on the basis of defen-

dants' assurances, to achieve precisely the same effect and avoid filing a needless suit. Under the circumstances, we simply cannot find that the trial court's decision to allow plaintiffs the 28-day extension was outside the range of principled outcomes. The trial court had ample grounds to find good cause and we find there was no abuse of discretion in granting the allowed statutory extension.

The trial court properly granted plaintiffs' motion to extend the time in which to file their AOM, and plaintiffs properly complied with all of the timing requirements set forth in MCL 600.2912d. Consequently, plaintiffs' action was timely commenced, and the trial court should not have granted summary disposition pursuant to MCR 2.116(C)(7) on the basis of it being untimely. We therefore reverse and remand for further proceedings. We do not retain jurisdiction.

STEPHENS, J., concurred with RONAYNE KRAUSE, P.J.

WILDER, J. (*dissenting*). I respectfully dissent.

In *Tyra v Organ Procurement Agency of Mich*, 498 Mich 68, 94; 869 NW2d 213 (2015), our Supreme Court reiterated that

> [a]lthough a civil action is generally commenced by filing a complaint, a medical malpractice action can only be commenced by filing a timely NOI [notice of intent] and then filing a complaint and an affidavit of merit after the applicable notice period has expired, but *before* the period of limitations has expired. [Emphasis added.]

This holding by the Supreme Court reflects the rule of law established in *Scarsella v Pollak*, 461 Mich 547, 549; 607 NW2d 711 (2000), that "for statute of limitations purposes in a medical malpractice case, the mere tendering of a complaint without the required

affidavit of merit [AOM] is insufficient to commence the lawsuit." (Quotation marks and citation omitted.)

In the instant case, when plaintiffs filed their complaint on February 4, 2013, they did not file an AOM. Thus, the action against defendants did not commence on February 4, 2013. However, plaintiffs filed a motion under MCL 600.2912d(2) to extend the time for filing the requisite AOM. The trial court granted that motion on March 8, 2013, and the majority concludes that the granting of plaintiffs' motion operated retroactively to toll the running of the period of limitations, such that "plaintiffs acted properly pursuant to both statute and caselaw," and plaintiffs' complaint and AOM should be deemed timely filed. I respectfully disagree.

The period of limitations for an action charging malpractice is two years. MCL 600.5805(6). According to plaintiffs, defendants' malpractice occurred on February 9, 2011. Thus, the period of limitations for defendants' alleged malpractice, absent tolling, was scheduled to expire on February 9, 2013. This means that plaintiffs were required to commence their action against defendants by February 9, 2013, unless plaintiffs took some action to toll the running of the limitations period. There is no dispute that plaintiffs' action was not commenced by February 9, 2013. There is also no dispute that as of February 9, 2013, the period of limitations had not been tolled. Thus, as in *Holmes v Mich Capital Med Ctr*, 242 Mich App 703, 709; 620 NW2d 319 (2000), plaintiffs' efforts to remedy their failure to file an AOM with their complaint—in this case, plaintiffs filed a motion under MCL 600.2912d(2) to extend the time for filing an AOM—were, unfortunately, insufficient because their efforts culminated *beyond* the limitations period.

The majority concludes that this application of *Scarsella* and its progeny renders MCL 600.2912d(2) nugatory. I disagree. As statutes sharing a common purpose, MCL 600.2912d(2) and MCL 600.5805(6) must be read together as one and construed in a way that produces a harmonious whole. *Mich Basic Prop Ins Ass'n v OFIR*, 288 Mich App 552, 559-560; 808 NW2d 456 (2010) ("When construing statutes, the terms of statutory provisions with a common purpose should be read *in pari materia.* . . . Conflicting provisions of a statute must be read together to produce an [sic] harmonious whole and to reconcile any inconsistencies wherever possible.") (quotation marks and citations omitted); *Ross v Modern Mirror & Glass Co*, 268 Mich App 558, 563; 710 NW2d 59 (2005) ("Statutes that relate to the same subject must be read together as one, even if they contain no reference to one another."). In my judgment, construing MCL 600.2912d(2) in a manner that requires a plaintiff to obtain, *before* the statutory period of limitations expires, a court order granting an extension to file the AOM so that the cause of action against a defendant can be *commenced before* the period of limitations expires, gives meaning to both statutes.

The defining principle of law is that an action must be commenced before the period of limitations for that cause of action expires. See MCL 600.5805(1) ("A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone through whom the plaintiff claims, the action is *commenced* within the periods of time prescribed by this section.") (emphasis added); *Ostroth v Warren Regency, GP, LLC*, 474 Mich 36, 40; 709 NW2d 589 (2006); *Gladych v New Family Homes, Inc*, 468 Mich

594, 598; 664 NW2d 705 (2003).[1] Operating together, it is clear that the statutes underlying medical malpractice claims respect that defining principle of law. Under MCL 600.5856(c), filing a notice of intent to file suit tolls the running of the period of limitations. *Tyra*, 498 Mich at 79. Upon expiration of the notice period, the period of limitations resumes running. Cf. *Gladych*, 468 Mich at 603-604.[2] Filing a complaint and an affidavit of merit, MCL 600.2912d(1), or the granting of a motion for an extension of time to file the AOM, MCL 600.2912d(2), again operates to toll the running of the statutory period of limitations. See *Tyra*, 498 Mich at 79 n 8; *Solowy v Oakwood Hosp Corp*, 454 Mich 214, 229; 561 NW2d 843 (1997). However, each effort to toll the running of the period of limitations, as well as the actual commencement of plaintiffs' cause of action, must occur before the period of limitations expires.[3]

The majority holds that construing MCL 600.2912d(2) to mean something other than that "the 28-day period must run from the date the complaint is

---

[1] The Legislature amended MCL 600.5856 after the *Gladych* opinion issued. The amended statute specifies that a statutory period of limitations is tolled when a complaint is filed before the period of limitations expires "if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules." MCL 600.5856(a).

[2] Rather than as binding precedent in the instant case, I cite to *Gladych* merely to illustrate, by analogy, that the period of limitations resumes running after previously being properly tolled for some period of time.

[3] Moreover, although in *Pryber v Marriott Corp*, 98 Mich App 50, 56; 296 NW2d 597 (1980), this Court concluded that the Legislature, through the enactment of a retroactive law, may revive a cause of action which has already been barred by the application of a previously existing statute of limitations, I am unable to find any caselaw, and the majority cites to none, which supports the proposition that an untimely cause of action barred by application of an expired period of limitations may be subsequently revived by the decision of a court of law.

filed, irrespective of when the motion is granted,"
would "make a plaintiff's rights turn not on the plain-
tiff's compliance with the procedures established by
the Legislature, but rather purely on the vagaries of
when the trial court, or more likely not even the court
but rather a docketing clerk, chooses to hear or docket
the motion." Again, I respectfully disagree. It is appar-
ent from this record that plaintiffs did not use the
means they had available to them, which if used, could
have prevented the expiration of the period of limita-
tions before their motion to extend was granted. Under
MCR 2.119(C), a trial court may adjust the time for the
service and filing of motions and responses "for good
cause." Notably, plaintiffs did not request an expedited
hearing of their motion to extend the time for filing the
AOM, and they failed to emphasize on the cover page of
their motion that there was an urgency in hearing the
pending motion because the period of limitations
would expire on February 9, 2013.[4] To avoid creating a
vagarious situation, it is not an onerous expectation
that a plaintiff in these circumstances would make
more than a modicum of effort to seek an expedited

[4] Not only did the cover page of plaintiffs' motion not contain any
information that would have alerted the trial court or the docketing
clerk to the fact that the motion required urgent attention, the contents
of the motion stated only the following with regard to the urgency
attendant to filing the motion. On page three of the motion, plaintiffs
stated that "it appears that the [AOM] shall not be prepared until after
February 8, 2013," due to the expert's busy schedule. Also on page three,
plaintiffs explained that, "[a]lthough it may appear [that] the filing of
this medical malpractice action was held to the last possible time," they
waited to file their claim because plaintiff Ruben Castro had been
informed that his symptoms would cease some number of weeks or
months after the surgery, and he still suffered from the condition "just
short of two [2] years from the date of surgery on February 9, 2011."
While plaintiffs hint at a statutory period of limitations problem,
plaintiffs' motion did not expressly identify this impending problem for
the trial court.

hearing date from a trial court or a docketing clerk, neither of whom can be reasonably expected, without prompting by the moving party, to read through every motion filed in the trial court in order to identify those particular matters that require urgent attention. Thus, contrary to the majority, I would find that plaintiffs failed to make reasonable efforts to request that the trial court suspend the normal time limits imposed under MCR 2.119(C) due to the impending expiration of the period of limitations, and that the facts of this case do not warrant holding either the trial court or the docketing clerk responsible for plaintiffs' failure to commence their cause of action against defendants in a timely manner.

Contrary to the majority's findings, I would find that (1) because plaintiffs did not include an AOM with the complaint filed on February 4, 2013, the lawsuit was not commenced under *Scarsella*, (2) under *Ligons*[5] and *Barlett*,[6] the motion plaintiffs filed to extend time for filing the AOM had no tolling effect, and (3) because the period of limitations expired on February 9, 2013, before the trial court granted the motion to extend, the trial court properly found that its March 8, 2013 order had no tolling effect.

I would affirm.

---

[5] *Ligons v Crittenton Hosp*, 490 Mich 61; 803 NW2d 271 (2011).

[6] *Barlett v North Ottawa Comm Hosp*, 244 Mich App 685; 625 NW2d 470 (2001).